PER CURIAM.*
Plaintiffs, the surviving spouse and children of Frank, Lestelle, Sr., filed the instant suit against multiple defendants, including CBS Corporation (“CBS”), alleging Mr. Lestelle died of exposure to asbestos.
During discovery, plaintiffs noticed the corporate deposition of CBS and issued a subpoena duces tecum for the production of thousands of pages of documents.[1] CBS proposed that due to the extraordinary number of documents potentially responsive to the request, plaintiffs’ counsel should view and copy the documents at the CBS document repository in Pittsburgh, Pennsylvania.[2] However, plaintiffs’ attorney insisted the production take place at his office in New Orleans.
CBS filed a motion to quash the deposition and subpoena on grounds that the document requests were excessively broad. Alternatively, it asked to be allowed to provide plaintiffs’ counsel access to the documents in Pittsburgh, Pennsylvania.
| ¡^Plaintiffs filed a motion to compel and sought costs and attorneys’ fees against CBS. The district court ordered CBS to produce the documents, and ordered it to pay plaintiffs $500.00 in attorneys’ fees as a sanction.
CBS applied for supervisory writs, seeking review of the award of $500.00 in attorneys’ fees and the trial court’s ruling requiring production of the documents at any place other than the Pittsburgh repository. The court of appeal denied the writ. This application followed.
Under the unique facts of this case, we find the district court abused its discretion in compelling CBS to transport the documents to the office of plaintiffs’ counsel in New Orleans. The offer by CBS to make these documents available to plaintiffs’ counsel at its document repository in Pittsburgh, Pennsylvania represents a reasonable accommodation which will serve the interests of both parties.
Accordingly, the writ is granted. The judgment of the district court, insofar as it requires CBS to produce the documents at the office of plaintiffs’ counsel, is reversed. CBS is ordered to provide plaintiffs’ counsel with access to the documents, as provided in the district court’s order, at its document repository in Pittsburgh, Pennsylvania. In light of our ruling on this issue, that portion of the district court’s judgment assessing attorney fees against CBS is vacated and set aside. The case is remanded to the district court for further proceedings.
CALOGERO, C.J., and KIMBALL, J., would deny the writ.

 Lemmon, J., not on panel. Rule IV, Part II, §3.

. CBS indicates the documents occupy a total of 247 boxes.

. As a result of its involvement in asbestos litigation in various jurisdictions throughout the United States, CBS contends that it compiled all documents relevant to the asbestos litigation, indexed and ''Bates'' numbered the documents, and segregated them in its corporate repository in Pittsburgh.